UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GREG DEHRING,

    *Plaintiff*,

v.

KEYSTONE SHIPPING CO.; KEY LAKES,
INC.; GREAT LAKES FLEET, INC.; CANADIAN
NATIONAL ILLINOIS CENTRAL RAILROAD;
CANADIAN NATIONAL RAILWAY COMPANY;
ILLINOIS CENTRAL RAILWAY COMPANY;
GRAND TRUNK CORPORATION; TSE
INTERNATIONAL, INC. (as successor in interest to
ALMON JOHNSON); and BENSON ELECTRIC,

    *Defendants*.

CASE NO. 10-CV-13959

DISTRICT JUDGE THOMAS LUDINGTON
MAGISTRATE JUDGE CHARLES BINDER

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON
DEFENDANT TSE INTERNATIONAL'S MOTION FOR SUMMARY JUDGMENT**
(ECF 53)

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the motion be **GRANTED** and that Defendant TSE International, Inc., be dismissed from the case.

**II.    REPORT**

    **A.     Introduction**

As alleged in the complaint, on October 18, 2007, while working aboard the vessel Carson J. Calloway in the Soo Locks, Michigan, Plaintiff's thumbs were severed while using a winch or mooring apparatus, resulting in permanent injury. (ECF 1 at 4.) Plaintiff avers the following claims: (1) negligence under the Jones Act, 46 U.S.C. §688 *et seq*.; (2) unseaworthiness; (3)

negligence by the manufacturer defendants; and (4) strict product liability of the manufacturer defendants. (ECF 1.)

On September 1, 2011, Defendant TSE International, Inc. ("Defendant TSE") filed the instant motion for summary judgment (ECF 53), Plaintiff responded (ECF 57- 58), and Defendant TSE replied. (ECF 59.) Oral argument was held on October 18, 2011. Therefore, the matter is ready for report and recommendation.

### B.     Summary Judgment Standards

A motion for summary judgment will be granted under Rule 56(c) where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All facts and inferences must be viewed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (citing *Celotex Corp. v Catrett*, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). In determining whether the moving party has met its considerable burden, a court may consider the plausibility of the moving party's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper where the moving party shows that the non-moving party is unable to meet its burden of proof. *Celotex*, 477 U.S. at 326.

In response, the non-moving party cannot rest merely on the pleadings alone. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d

335, 339-40 (6th Cir. 1993). When the nonmoving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. Instead, the court will rely upon the "facts presented and designated by the moving party." *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 404 (6th Cir. 1992). The Sixth Circuit explicitly instructed that it is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

After examining the evidence designated by the parties, the court then determines "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Booker v. Brown & Williamson Tobacco Co.,* 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

However, when "the crucial issue is one on which the movant will bear the ultimate burden of proof at trial, summary judgment can be entered only if the movant submits evidentiary materials to establish all of the elements of the claim or defense." *Stat-Tech Liquidating Trust v. Fenster*, 981 F. Supp. 1325, 1335 (D. Colo. 1997). *See also Yarbrough v. Garrett*, 579 F. Supp. 2d 856, 867 (E.D. Mich. 2008). "'In other words, in such case the movant 'must satisfy both the initial burden of production on the summary judgment motion – by showing that no genuine dispute exists as to any material fact – and the ultimate burden of persuasion on the claim – by showing that it would be entitled to a directed verdict at trial.'" *Yarbrough*, 579 F. Supp. 2d at 867 (citations omitted). Only after the moving party makes this showing will the non-moving party

3

have an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore, supra.*

### C. Analysis and Conclusions

#### 1. Successor Liability

Defendant TSE contends that it is entitled to summary judgment because it did not manufacture the winch at issue in the instant case and it was not a successor in interest to the manufacturer. (ECF 53 at 2, 53-1 at 2 ¶ 7.)

Plaintiff responds by arguing that "Timberland Ltd. remained liable for obligations including tort liability for Almon Johnson, Inc. after the closing date of the contract on July 31, 1998." (ECF 58 at 2.) Plaintiff further argues that "[b]y operation of law a successor corporation may be held liable for torts of its predecessor . . . ." (*Id.*) Plaintiff surmises that TSE "attempts to escape their liability to Plaintiff by relying on a subsequent assignment of the above agreement to Almon Johnson Ltd, on July 22, 1998. Almon Johnson Ltd. was dissolved December 17, 1998, over one year after Plaintiff's injury." (*Id*. at 3.) Plaintiff noted that TSE had not produced a copy of the assignment document at the time it filed its response; however, TSE attached a copy of the assignment document to its reply. (ECF 58 at 3; ECF 59-2.)

Defendant TSE has supported its motion with documents indicating that on July 13, 1998,[1] Almon Johnson, Inc. (denoted as Vendor in the agreement) sold its assets to Timberland Equipment Limited ("Timberland") (denoted as Purchaser in the agreement). (ECF 53 at 2, 53-1 at 4-24.) The agreement acknowledged that it "may be assigned by the Purchaser to a corporation to be incorporated prior to Closing" and that "[u]pon the assignment contemplated herein all obligations by the Purchaser will be at an end and will be assumed by the corporation to be

---

[1] The closing date was July 31, 1998. (ECF 53-1 at 6.)

4

incorporated by the Purchaser." (ECF 53-1 at 21 ¶ 7.2.) As contemplated in the agreement, Almon Johnson Limited was incorporated on July 22, 1998, and all of Timberland's rights, title and interests under the purchase agreement with Almon Johnson, Inc., were assigned to Almon Johnson Limited on July 31, 1998. (ECF 53-1 at 2-3; ECF 53 at 9; ECF 59-2 at 2.).[2] Almon Johnson Limited was dissolved on December 17, 2008. (ECF 53-1 at 3.)

As delineated above, TSE is not a corporate descendant of Almon Johnson, Inc. Any potential liability for the manufacture of the instant winch would have passed, if it passed at all, from Almon Johnson, Inc., to Timberland, and then to Almon Johnson Limited. Therefore, I suggest that Plaintiff's reliance on successor liability to hold TSE accountable for any manufacturing defect caused by Almon Johnson, Inc., is misplaced. *See Scarff Brothers, Inc. v. Bischer Farms, Inc.*, 386 Fed. App'x 518, 524 (6th Cir. 2010) (where there was no evidence that a transfer actually took place, there could be no successor liability).

Plaintiff has not argued any legal theory, apart from successor liability, which would hold Defendant TSE accountable for the liabilities of Almon Johnson, Inc., Timberland, or Almon Johnson Limited. I therefore suggest that summary judgment should be granted in favor of Defendant TSE.

Plaintiff has proffered some evidence, the admissibility of which Defendant TSE challenges, showing a relationship between TSE, Timberland and Almon Johnson Limited, i.e. that they share corporate officers. (ECF 58 at 4.) To the extent that this evidence points toward the legal theory that Defendant TSE is an alter ego of Almon Johnson, Inc., Timberland, or Almon Johnson Limited, I suggest that summary judgment in favor of Defendant TSE should nonetheless be

---

[2]According to the pleadings, the Cason J. Callaway was constructed in 1952, and Almon Johnson Limited was not incorporated until July 22, 1998. Therefore, it is a virtual certainty that Almon Johnson, Inc., was the manufacturer, rather than Almon Johnson Limited. (ECF 59 at 2 ¶ 1.)

5

granted. Although Michigan generally treats corporations as separate entities, "'[w]here a corporation is so organized and so controlled as to make it a mere instrumentality or agent of another corporation, its separate existence' will be ignored." *Scarff*, 386 Fed. App'x at 524 (quoting *Shirley v. Drackett Prods. Co.*, 26 Mich. App. 644, 182 N.W.2d 726, 728 (1971)).[3] In addition, in order to prove that one corporate entity is an alter ego of another, "Michigan requires a showing of 'fraud, illegality, or injustice,'" and that injustice "'must in some manner relate to a misuse of the corporate form short of fraud or illegality.'" *Scarff*, 386 Fed. App'x at 524 (quoting *Soloman v. Hills Dev. Co.*, 110 Mich. App. 257, 312 N.W.2d 428, 431 (1981); *accord, Dutton Partners, LLC v. CMS Energy Corp.*, 290 Mich. App. 635, 802 N.W.2d 717, 724 (2010).

   **2.   Alternative Theories**

Where a merger does not occur and an entity purchases the assets of another entity, the purchaser is generally not liable for the debts and liabilities of the selling corporation. "In a contract situation, successor liability can be found after an asset transfer, however, if one of four exceptions exists: (1) when two or more corporations consolidate and form a new corporation, making no provision for the payment of obligations of the old; (2) when by agreement, express or implied, a purchasing corporation promises to pay the debts of the selling corporation; (3) when the new corporation is a mere continuation of the old; (4) when the sale is fraudulent, and the property of the old corporation, liable for its debts, can be followed into the hands of the purchaser.'" *Scarff*, 386 Fed. App'x at 522 (quoting *Antiphon, Inc. v. LEP Transport, Inc.*, 183 Mich. App. 377, 454 N.W.2d 222, 224 (1990)).

---

[3]In determining whether the corporate form may be disregarded and the corporation treated as an alter ego, courts consider: (1) the absence of normal corporate formalities; (2) commingling of personal and corporate funds; (3) siphoning of corporate funds by a dominant stockholder, and (4) the fact that a corporation is merely a facade for the personal operations of the dominant shareholder. *Scarff*, 386 Fed. App'x at 525.

Plaintiff has not proffered any evidence, let alone admissible evidence, of any fraud or illegality on the part of Almon Johnson, Inc., Timberland, or Almon Johnson Limited. I therefore suggest that to the extent Plaintiff hinted at an alter ego theory, Plaintiff has failed to meet his burden to come forward with evidence to withstand the motion.

Even if Plaintiff were to have put forth a viable legal theory to hold Defendant TSE responsible for the liabilities incurred by Almon Johnson, Inc., Timberland, or Almon Johnson Limited, I suggest that summary judgment in favor of Defendant TSE would still be appropriate. The agreement between Almon Johnson, Inc., and Timberland provided that "[f]or greater certainty the Purchaser shall not assume any product liability claims for product manufactured by the Vendor prior to the Date of Closing." (ECF 53-1 at 9.) Plaintiff contends that this sentence shows that "Timberland remained liable for obligations including tort liability for Almon Johnson, Inc. after the closing date of the contract on July 31, 1998." (ECF 58 at 2.) However, Plaintiff does not proffer any evidence or even suggest that the instant winch was a replacement or that it was manufactured after the construction of the vessel in 1952. Having been manufactured in 1952, the winch was a product manufactured before the closing date of 1998 and any claim would be one for which "Timberland shall not assume any product liability claims." (ECF 53-1.) Thus, Timberland could not have acquired any liability for the winch's manufacture under the agreement. (ECF 53-1; 59 at 2 ¶ 1.)

If Timberland did not assume any potential liability for the manufacture of the instant winch, then it had no potential liability to assign to Almon Johnson Limited. Since Timberland and Almon Johnson cannot be liable for the manufacture of the winch, neither could any alter ego of either of them be liable. Therefore, I suggest that there is no theory under which Defendant TSE could be found liable for any alleged manufacturing defect in the winch. In such an instance,

7

further discovery would not assist Plaintiff. Accordingly, I suggest that summary judgment in favor of Defendant TSE is appropriate.

Finally, summary judgment could also be granted based on Plaintiff's failure to comply with Rule 56(d) of the Federal Rules of Civil Procedure. It provides:

> If a nonmovant shows *by affidavit or declaration* that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Rule 56(d) (emphasis supplied). The party opposing the motion bears the burden to show that discovery is necessary. *CGH Transport, Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 821 (6th Cir. 2008). The Rule 56(d) affidavit (or declaration) must "identify the material facts it hopes to uncover pursuant to Rule 56(f)."[4] *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 Fed. App'x 826, 835 (6th Cir. 2009).

Counsel for Plaintiff argues in his response brief that "discovery on this issue is the only tool that can help sort out who should be a party to this suit," but has failed to file any affidavit or declaration in support of its contention. "In [the affidavit or declaration's] absence, there is no justification for the [] blanket statement that a motion for summary judgment will be premature until the close of discovery." *Wallin v. Norman*, 317 F.3d 558, 563 (6th Cir. 2003). *See also Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000) ("Where a party opposing summary judgment and seeking a continuance pending completion of discovery fails to take advantage of the shelter provided by Rule 56(f) by filing an affidavit, there is no abuse of

---

[4]The 2010 Amendments to the Federal Rules of Civil Procedure indicate that "[s]ubdivision (d) carries forward without substantial change the provisions of former subdivision (f)." Therefore, it would appear to be legally sound to simply add the phrase "or declaration" after references to "affidavit" in case law interpreting this rule.

8

discretion in granting summary judgment").[5]  I therefore suggest that to the extent Plaintiff's response can serve as a motion under Rule 56(d), it should be denied for failure to file a Rule 56(d) affidavit.

### D.     Conclusion

For all the reasons stated above, I recommend that Defendant TSE's motion for summary judgment be granted and that Defendant TSE be dismissed from the case.

## III.    REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). The response shall be concise, but commensurate in detail with the objections, and shall address specifically, and in the same order raised, each issue contained within the objections.

Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this report and recommendation. *McClanahan v.*

---

[5] I note that counsel for Plaintiff is aware of the process as he filed such a motion and affidavit regarding an issue raised earlier in this case. (Doc. 22.)

*Commissioner of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2010); *Frontier Ins. Co.,* 454 F.3d at 596-97.

                                                                          s/ Charles E Binder

                                                                         CHARLES E. BINDER
Dated: November 3, 2011                              United States Magistrate Judge

## CERTIFICATION

     I hereby certify that this Report and Recommendation was electronically filed this date and served upon counsel of record via the Court's ECF System.

Date: November 3, 2011                                    By    s/Patricia T. Morris
                                                                              Law Clerk to Magistrate Judge Binder